The next matter on our calendar is Keepers Incorporated v. City of Milford, thank you. Good morning, counsel. Good morning, Your Honor. May it please the court. I'm Jonathan Klein and represent the Plaintiff Appellant Keepers, Inc. The district court, we maintain abuse of discretion in treating Keepers Rule 60b-6 motion as an untimely 60b-1 motion, mischaracterizing it as seeking relief based on a mistake or excusable neglect. Mistake or neglect inherently relates to conditions which are in existence at the time of the judgment but were either unknown or overlooked. So you believe you're entitled to relief under 60b-1? No, Your Honor, 60b-6, that's what we claimed in the district court. Then you would have to prove extraordinary circumstances, correct? Not necessarily extraordinary circumstances, but 60b-6 is a very broad catch-all provision, and one of the reasons it's a broad catch-all provision is it doesn't have the one-year time limitation that 60b-1 has. Correct. But under 60b-6, you've got to show, do you not, extraordinary circumstances or extreme and undue hardships. Right. Would you agree with that? Yes, and the extraordinary circumstance in this case... And we have been clear that a change in the intervening law is not an extraordinary circumstance. So what are your extraordinary circumstances? Well, it was impossible to have raised the new standard that the Reed v. Town of Gilbert case had established later on because obviously, I mean, how can the court apply a standard that just didn't come into existence until later? In this circuit and the... You alert the circuit, though, to the decision. I'm sorry? You're saying you couldn't have raised it in the district court, something I'll get to in a moment, but you didn't even alert the circuit court that there was a dispositive case pending in the Supreme Court. Well, in this case... Instead, you waited 16 months from the Reed decision to filing. That doesn't sound as if you were acting in the kind of expeditious manner we would expect. I mean, you didn't act even within a year of Reed. I don't know why we would excuse or accept a delay of that long a period as warranted by any extraordinary circumstances. Well, what happened in this case, Your Honor, in this court, the briefs had been filed, the case had been argued, and even though supplemental briefing was ordered after the Reed decision came out, the supplemental briefs were limited to the one narrow issue that was circumstantial. That was the question we asked, but nothing prevented you from alerting us to the fact that there's now a Supreme Court decision that you thought helped your case. I'm asking this only in terms of how do we find your delay in bringing this to the district court's attention until 16 months after Reed in light of that scenario that I've just given you. The attorneys handling the case at that time felt that they did not have a procedural mechanism to do that. You know our Rule 28J always allows you to bring matters to the court's attention, and we routinely get a flurry of 28J letters right before arguments. After the Supreme Court issues a decision. Especially after the Supreme Court's issued a decision. I think there's another concern, though, that I have that perhaps goes deeper than this. I'm not sure how Reed is even applicable to the judgment you procured from this court. Looking at the judgment, the court there noted that you were not appealing the ruling that posting was upheld except as to people who do not manage, control, or operate. That whole thing was not appealed. That was no longer an issue in the case. You were only challenging the posting requirement at issue pertaining to passive owners and officers, but it wouldn't be passive owners and officers who did not manage, control, or operate in light of your forfeiture or waiver of that issue. And the court noted there were no such persons, so the whole claim was moot. So the judgment that this court issued was basically to say that the only thing you were claiming anymore was moot. How are these extraordinary circumstances that warrant you opening up the district court's judgment when you didn't appeal the parts of the judgment that Reed could possibly be applicable to? Because had the Reed case been in existence at the time the appeal was taken or at the time the district court was ruling on this case, certainly that's something that the plaintiff would have dealt with. That's the problem for you. Knowing of Reed, while the matter was still pending in this court, you did not say, Judge, there's now a decision, you saved the court, there is a decision by the Supreme Court that prompts us to want to file further papers. That's correct, Your Honor. Okay, that's the problem I have in seeing your case as triggering extraordinary circumstances. If you want to explain to me why that shouldn't concern me, I'm happy to hear you. Well, commentators have observed that the Reed v. Tonnell Gilbert case represented a jurisprudential sea change. And I think that what happened there dealt with an ordinance that was facially content neutral, but was actually content-based and targeted expression because it was based on categories of speech that required strict scrutiny. Even though the ordinance had nothing to do with the message that was being conveyed, it was a signed ordinance, or whether the town disagreed with the message. Now you're getting to the merits. You're not answering my question, though, about why I can not be concerned about your carrying your extraordinary circumstance first. I think . . . Nothing more on that? I mean, the court makes the point about the 28-J letter, the one that was not submitted, and I don't have an answer. Do you want to say a word about the circuits who have said that Reed does not address or undermine precedents that deals with these kind of adult entertainment challenges? The most significant case, I think, that shows that it does, is the Free Speech Coalition v. Attorney General case in the Third Circuit in 2016, where the statute imposed record-keeping, labeling, and inspection requirements on producers of sexually explicit materials. And although that seems benign enough and not really directed to the expression, that statute was held to be content-based and subject to strict scrutiny. So Reed does apply to this adult-oriented entertainment field, contrary to the assertion that the city has made. And I think that's probably the best case that shows that it should apply in this type of case. Thank you. You've reserved two minutes for rebuttal. We'll hear from the City of Milford. Good morning, Your Honors. May it please the Court. Scott Berthold on behalf of the aptly in the City of Milford. In no sense can the District Court be said to have abused its discretion denying the Rule 60B motion. We ask this Court to affirm the decision below. And I think it's very clear that Your Honors understand all of the issues. There are two simple paths to affirming the decision below. The first one is the waiver issue, the fact that when they brought their appeal, although they had argued for strict scrutiny in the District Court, and the District Court in a thorough 98-page summary judgment order denied strict scrutiny and applied intermediate scrutiny, they did not appeal that issue. And what we know from the case law is that Rule 60B cannot operate as a substitute for an appeal. Had they appealed the strict scrutiny issue, then the decision in Reed would have come down before the supplemental briefing ordered by this Court in October 2015 had occurred, and they would have been able to raise it. But they didn't. They waived it, and under the mandate rule, by failing to bring, when the mandate issued, they were barred from bringing any issue that they had previously waived or that the appellate court had decided. So they very clearly were trying to circumvent the time limits of Rule 60B-1 because this is an allegation of legal error. The legal error is you applied the wrong standard of scrutiny to the City's ordinances, and that was something they had raised, and they could have brought up on appeal and chose not to. Do you agree that this should be considered under 60B-6 rather than 60B-1? No, Your Honor. 60B-6 is, as Judge Parker noted, resorted for extreme cases with extraordinary circumstances, and they did not even argue that element. So the first way to resolve this case is to affirm, for the reasons that the district court gave, that they were out of time and that they had waived the issue, which is a solid ruling. But the other way is to determine that they didn't meet the standards for all 60B motions. There's four of them. First, you have to have highly convincing evidence that supports your motion. Number two, you have to show that there was good cause for failing to bring it to the court's attention earlier, which, as Judge Raggi noted, that's not the case. They didn't show good cause. They couldn't file a Rule 28J letter. Number three, you have to show the absence of an undue hardship against the opposing party, in this case the City. And then even if you meet all of those standards, then you have to show extreme and undue hardship or extraordinary circumstances. That's what this court's case is requiring. You have to get under the reasonable rather than one-year deadline. You need to show all four of those? You have to show all four of those, and they didn't even allege it. Their motion never says we can show extraordinary circumstances. All they're saying is there's a change in decisional law in another case, a signed case, that's not directly on point. And if I could move to Judge Raggi's question about that very issue. Free Speech Coalition from the Third Circuit doesn't say what my opposing counsel says that it says. It says quite the opposite. In fact, every case from the Supreme Court down follows the Rodriguez v. Quijas prior precedent rule. And under that prior precedent rule, the Supreme Court says that if we have a line of cases that's directly applicable to the case at bar, even if that line of cases seems to be undermined by intervening precedent, you leave it to the prerogative of the U.S. Supreme Court to overrule its decisions and to say that the new line or the new decision applies. That's what the Seventh Circuit said in the BBL v. City of Angola case in 2015. That's what the Third Circuit said in this Free Speech Coalition case in 2016. And that's what the Eleventh Circuit said in the Flanagan's Enterprise case in 2017. Now, what did Free Speech Coalition deal with? They said, the majority opinion said, this is not a secondary effects case. So therefore, we're not going to get into... We don't have to resolve the question about whether Reid upends 40 years of on-point secondary effects decisions. And what they said is Reid doesn't apply... Reid applies to this case because it's not a physical brick-and-mortar adult entertainment secondary effects case. It's not like Young and Renton and Alameda Books or even the Supreme Court's decision in Barnes and Erie that deal with nude conduct. This is an even stronger case for us to not have the applicability of Reid because on its face, the ordinance only applies to keepers because of nude conduct, because nude or semi-nude conduct. And we know from the Supreme Court that unlike a sign where you can only tell the difference between one sign and another sign by looking at its content, that's not the case in the live conduct cases dealing with nudity from the Supreme Court. They've repeatedly said that being in a nude or in this case a semi-nude condition is not an inherently expressive condition. So we're even more far removed from the cases that are the straight adult bookstore type cases because it's a live conduct case. So you've got three circuit courts of appeals, BBL, which said we don't think that Reid upends 40 years of secondary effects doctrine from the Supreme Court. We have to follow a case that's directly applicable until the Supreme Court overrules it. And then the next year, Free Speech Coalition quoted that same footnote from Judge Sykes in the Seventh Circuit, in her opinion, that says we don't think Reid upends 40 years of secondary effects precedent. And then again in footnote 5 of the Flanagan's Enterprises decision from 2017 in the Eleventh Circuit said the same thing. So they lose because they don't have highly convincing evidence for their Rule 60B motion if you get to the merits of that motion. The second reason they lose is they don't show good cause. The courts have said that reasonable time is imposed even when you're trying to proceed under Rule 60B-6. And any time that you get close to a year or more than a year, that is not a reasonable time. That's the P.R.C. Harris case from this court as well as the Duane Reid case that we cited in our brief. The third element is you have to show, it's the movement's burden now, to show an absence of undue hardship on the opposing party. They have not even attempted to do that. This would open up a case that's been going on for 16 years. The original litigation was filed in 2003, refiled in 2007. There were expert witnesses hired. The people that were the key witnesses have long since retired. The expenses of litigation, of course, were significant because it was refiled in 2007 and the final judgment was not entered until 2013. So now here we are six years after the final judgment and they're trying to reopen the case without showing an absence of undue hardship. And then finally, extraordinary circumstances. It doesn't matter how this court defines that term. They haven't shown it and they haven't even alleged it. Their motion doesn't even use the words extraordinary circumstances in an effort to show that they meet that standard. We believe it's clear that not only are they trying to circumvent the time limits of Rule 60b-1 in alleging a legal error, that they could have brought this to the court's attention much sooner and under all the four elements, they have to pass all four under a Rule 60b motion, they fail each and every one of them. And for that reason, we respectfully ask that this court affirm the decision below. Thank you. Mr. Kline, you have two minutes for rebuttal. I'd like to address this supposed 16-month delay under the analysis of whether this was a reasonable or unreasonable delay under 60b-6. I don't think 16 months is the correct time frame to focus on. The 16 months was from June 2015 when Reed was decided to October 2016 when the 60b-6 motion was filed. In actuality, I believe the relevant time frame was 11 months from this court's decision in November 2015 to the filing of the 60b-6 motion in October 2016. That's 11 months. Now, under the cases cited by the defendant, they all tend to say that more than a year is going to be viewed as being unreasonable, but actually it was less than a year. So I think when you don't have a specific time frame governing 60b-6 . . . Why wouldn't your decision be the triggering date rather than Reed? Reed is the whole basis for your argument. So why isn't once you know that there's a Supreme Court decision that supposedly helps you, why isn't that the trigger date? Had a 28-J letter been filed, I think maybe from that point . . . But my point is, when we're looking at what's a reasonable time frame for you to have acted, I'm not sure why our decision on the claims you originally brought on appeal is the trigger date. It would seem to me it would be Reed. Well, I think the way it was looked at as a practical matter is that the dice had been rolled, so to speak. We were waiting for a decision, and there was nothing left . . . I don't think that helps you. That suggests that, well, we'll see if we win on theory one, and if we don't, we're going to hold this other thing in reserve and we'll try it. But that doesn't seem to say to you, okay, you know, take another 11 months to decide that. You can answer that question, and then your time will have . . . What am I missing? I frankly don't have a good answer for that question, Your Honor. I just want to be straight with the court. Thank you, though. Thank you. Thank you, Your Honor. Thank you both for the reserve decision.